IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN MARTIN GAINES, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | 2:07-cv-08034-JHH-JEO |
| | ) | 2:06-cr-00070-JHH |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

John Martin Gaines initiated the present action by filing a motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. (07-08034 at Doc. 1). The United States responds that the motion was filed outside of the one-year statute of limitations period, and, therefore, is due to be dismissed. (Doc. 4). The court, however, finds that the motion was timely filed, albeit in a roundabout way. Nonetheless, the defendant is not due any relief.

The defendant previously received custodial sentences on convictions in Federal courts in Alabama and Texas. Specifically, on May 3, 1996, the District Court for the Eastern District of Texas sentenced him to 46 months imprisonment followed by five (5) years supervised release. (*See United States v. Gaines*, 4:95-cr-00031-PNB-DDB-ALL (E.D. Tx.)). On September 12, 1997, this court sentenced the defendant to 27 months imprisonment and 36 months supervised release time on each of the three separate counts. (*United States v. Gaines*, 2:97-cr-00222-JHH-RRA (N.D. Al.)). Those three sentences were to run concurrently with each other, but consecutive to the sentence being served in the Eastern District of Texas.

On February 16, 2006, the Eastern District of Texas transferred the defendant's probation jurisdiction to this court. (*United States v. Gaines*, 2:06-cr-00070-JHH (N.D. Al. at Doc. 1)). On

February 27, 2006, the Probation Office in this district filed a petition for the defendant's arrest for violations of conditions of his supervised release. *Id*. at Doc. 2. On April 27, 2006, after conducting a hearing on the motion for revocation of supervised release, the court revoked his release on supervision and entered its Judgment and Commitment Order, sentencing the defendant to 36 months incarceration for a Grade B violation and 24 months incarceration for each of the three Grade C violations, each to run concurrent with the other. The court did not impose any supervised release time to follow. *Id*. at Doc. 7. The defendant did not appeal the revocation or the sentence imposed.

On October 13, 2006, less than six months after his revocation became final, the defendant filed a petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Texas. (*Gaines v. Kastner*, 5:06-cv-00229-DF-KFG (E.D. Tx.) at Doc. 1). In it, the defendant argued that revocation of his supervised release was in error because his term of supervised release had expired before the events giving rise to the revocation. *Id*. On July 9, 2007, the Eastern District of Texas entered an order finding that the motion should be construed as a motion to vacate, set aside or correct a sentence, pursuant to 28 U.S.C. § 2255, and should be filed in this district because the defendant's supervised release was revoked here. *Id*. at Doc. 10 and 11. The case was then transferred to this court on July 30, 2007. (07-01415 at Doc. 1).

When the petition was opened in this court, it was given case number 2:07-cv-01415-JHH-JEO, and the petition that the defendant had previously filed on October 13, 2006, in the Eastern District of Texas, was docketed as having been filed on August 1, 2007. (07-01415 at Doc. 2). Upon review of the petition, this court also determined that the relief sought in the § 2241 form petition was more appropriate for a § 2255 petition. The court directed the Clerk of

the Court to provide the defendant with a copy of the standard § 2255 form for him to complete and resubmit. (07-01415 at Doc. 4).

When the defendant resubmitted the § 2255 form on October 22, 2007, it was given yet another case number, 2:07-cv-08034-JHH-JEO. Thereafter, on October 29, 2007, case number 07-01415 was dismissed as duplicative of case number 07-08034. (07-01415 at Doc. 5).

Based upon the date that the § 2255 petition was filed in 07-08034, the government argues that the petition is due to be dismissed because it was filed eighteen (18) months after revocation of the defendant's supervised release, and, therefore, is time barred. This is a mistake easily made as the government was not ordered to respond to the defendant's petition until October 26, 2007, after the defendant correctly filed his § 2255 petition in this court. (07-08034 at Doc. 2).

Although the government has not yet addressed the merits of the defendant's single claim in his petition, the court finds, based upon review of the files and records before it, that the defendant is not entitled to any relief. The defendant's sole contention is premised on the argument that he could not have violated the conditions of his supervised release because it was completed prior to the conduct for which his supervised release was revoked. In support of this contention, the defendant submits a letter from his Probation Officer in the Northern District of Alabama, advising him that his "period of supervision has expired" and that he is "hereby released from supervision and all supervision requirements." (07-08034 at Doc. 6 at p. 7).

What the defendant overlooks, however, is the fact that he was sentenced to supervised release in the Eastern District of Texas as well as in the Northern District of Alabama. While he is correct that the period of supervised release ordered by the Northern District of Alabama had

expired, he is incorrect in his assertion that he was not on supervised release at all. As stated previously, between the two courts, the defendant was sentenced to serve at total of seventy-three (73) months incarceration, followed by a total of eight (8) years supervised release. He was still under supervision for the Texas case at the time of his revocation. Thus, the defendant is not entitled to relief on his claim.

## CONCLUSION

Premised on the foregoing, the court **FINDS** that the defendant's motion to vacate his sentence is due to be denied and dismissed with prejudice. An order consistent with the court's findings will be entered.

**DONE** this the   4th   day of September, 2008.

                                   SENIOR UNITED STATES DISTRICT JUDGE